■ In the Matter of CHARLES R. STEVENS, Appellant, v COUDERT BROTHERS, Respondent. [662 NYS2d 42] —Order and judgment (one paper), Supreme Court, New York County (Louise Gruner Gans, J.), entered May 2, 1997, which denied petitioner's application to stay arbitration demanded by respondent, and dismissed the petition, unanimously affirmed, with costs.

The arbitration agreement in issue provides for arbitration pursuant to the Rules of the American Arbitration Association (AAA), except that "whenever any of the foreign branches of [respondent law] firm shall be involved in [a] dispute or controversy [arising under respondent's partnership agreement], such arbitration shall take place in the city where the foreign branch has its principal office, if the New York principal office shall have requested the arbitration". Because several of respondent's foreign branch offices are "involved" in its claim that petitioner, among other things, wrongfully recruited its attorneys to another firm, there is no city where "the" foreign branch office is located and it therefore cannot be said that respondent failed to comply with the agreement by demanding arbitration in New York. Where parties have agreed to arbitration, courts should proceed with "great caution" in interfering

with the processes of the selected tribunal, particularly with respect to procedural threshold questions such as venue (*Matter of D.M.C. Constr. Corp. v Nash Steel Corp.*, 51 AD2d 1040, 1041 [dissenting mem], *revd on dissenting mem* 41 NY2d 855). The parties having agreed to arbitrate their dispute pursuant to the Rules of the American Arbitration Association, and there being no clear violation of the exception to that agreement for foreign branch offices, the issue of venue was properly referred to the AAA for resolution (*see, Matter of Royal Globe Ins. Co. v Spain*, 36 AD2d 632). Concur—Milonas, J. P., Rosenberger, Wallach, Nardelli and Rubin, JJ.